UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BR STEEL, LLC,<br><br>Defendant, | Civil Action No. 18-cv-12648-ADB |

## **MEMORANDUM AND INJUNCTION**

BURROUGHS, D.J.

Currently pending before the Court is Plaintiffs' motion for a preliminary injunction to obtain a payroll audit from Defendant BR Steel, LLC pursuant to Federal Rule of Civil Procedure 65(a). For the reasons stated herein, the motion is GRANTED.

This action was filed on December, 27, 2018. [ECF No. 1 ("Compl.")]. Defendant was served with the Complaint and summons on January 9, 2019. [ECF No. 4]. Defendant failed to appear and answer the Complaint by January 30, 2019, as required. On January 30, 2019, Plaintiffs filed the instant motion for a preliminary injunction requiring Defendant to permit a payroll audit. [ECF No. 5]. On February 19, 2019, the clerk entered a default. [ECF No. 9]. By defaulting, Defendant conceded the truth of the factual allegations in the Complaint. In re Home

Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir.1999)).

Under Rule 65(a), "the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). Here, Defendant was served with the Complaint, which included notice that Plaintiffs were seeking a preliminary injunction. [Compl. at 6]. Defendant conceded liability through default. Although an evidentiary hearing is ordinarily required before a preliminary injunction may issue, Defendant's concession of all facts alleged renders a hearing unnecessary. See Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 223 (1st Cir. 2003) (finding that the need for a hearing before issuance of a preliminary injunction must be determined flexibly); HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 915 (1st Cir. 1988) (evidentiary hearing not compulsory for issuance of preliminary injunction in instances where "[t]he taking of evidence would serve little purpose" (citing SEC v. Frank, 388 F.2d 486, 490 (2d Cir.1968))).

As stated in the Complaint, on or about September 1, 2017, Defendant agreed to be bound to the terms of agreements and declarations of trust establishing certain funds administered by Plaintiffs ("Plaintiff Funds"), to be bound by the terms of collective bargaining agreements requiring contributions to those funds, and to be bound by the terms of any successor agreement. [Compl. ¶ 11]. As a result, Defendant is a party to the current collective bargaining agreement ("CBA") with the International Union of Operating Engineers Local 4. [Id. ¶ 12]. The CBA requires Defendant to contribute to Plaintiff Funds for each payroll hour covered by the CBA, plus interest on late payments. [Id. ¶ 13]. Defendant is also required to make payroll deductions for union dues and, at an employee's election, make contributions to a social action committee. [Id. ¶ 14]. Defendant made no contributions for work done under the CBA for

September, October, and November 2018. [Id. ¶ 15]. Although the CBA allows Plaintiffs to inspect the Defendant's payroll and such other records as are deemed necessary and pertinent to determine whether it is paying contributions due, the amount due from Defendant is presently undetermined because Defendant has not permitted an inspection. [Id.; ECF No. 6 at 2–3].

Plaintiffs request injunctive relief allowing them to audit Defendant's payroll. Given Defendant's default, Plaintiffs have demonstrated (1) their likelihood of success on the merits; (2) the potential for irreparable harm; (3) that a balancing of the relevant equities favors granting the motion; and (4) that the public interest favors granting an injunction. See Gately v. Massachusetts, 2 F.3d 1221, 1224 (1st Cir. 1993).

NOW, THEREFORE, Defendant BR Steel, LLC and its agents shall permit an audit of the Defendant's books and records for the period September 1, 2017 to the present to determine the amount, if any, Defendant owes the Plaintiffs.

Plaintiffs are not required to post a bond.

**SO ORDERED.**

Date: February 15, 2019   /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE