UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BR STEEL, LLC d/b/a B.R. STEEL, LLC,<br><br>Defendant. | Civil Action No. 18-cv-12648-ADB |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR CIVIL CONTEMPT

BURROUGHS, D.J.

Plaintiffs Gina M. Alongi ("Alongi")[1] and the International Union of Operating Engineers National Training Fund (collectively, "Plaintiffs") brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185, seeking a payroll audit and fringe benefit contributions. [ECF No. 1 at 1]. Presently before the Court is Plaintiffs' motion for Defendant BR Steel, LLC ("BR Steel") to be held in civil contempt, [ECF

---

[1] Alongi is acting as the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare, Pension, Annuity and Savings Funds, Labor-Management Cooperation Trust, and Hoisting and Portable Engineers Local 4 Hoisting and Portable Engineers Local 4 Apprentice and Training Fund. [ECF No. 1 at 1].

No. 20], for failing to abide by the Court's previous order on the Plaintiffs' motion for a preliminary injunction to obtain an audit, [ECF No. 12].  On April 22, 2020, the Court ordered BR Steel to show cause, in writing, by May 1, 2020, as to why the Court should not impose sanctions of $250 per day for ignoring the February 19, 2019 order.  [ECF No. 22].  Because BR Steel has been on notice of the Court's "clear and unambiguous" February 19, 2019 order, [id.], and has nonetheless failed to allow the Plaintiffs to audit its payroll records, the motion, [ECF No. 20], is GRANTED.

**I.     BACKGROUND**

The Plaintiffs filed their complaint on December 27, 2018.  [ECF No. 1].  BR Steel was served with the complaint and summons on January 9, 2019, but failed to appear and answer the complaint by January 30, 2019.  See [ECF No. 4].  The Plaintiffs then filed a motion for a preliminary injunction, requesting that the Court order BR Steel to permit a payroll audit.  [ECF No. 5].  On February 19, 2019, the clerk entered a default.  [ECF No. 9].

By defaulting, BR Steel conceded the truth of the following factual allegations, which are contained in the complaint.  See In re Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)).  On or about September 1, 2017, BR Steel agreed to be bound by certain terms of agreement and declarations of trust which established funds administered by the Plaintiffs, [ECF No. 1 ¶ 11], which included being bound by collective bargaining agreements that required contributions to the Plaintiffs' funds, [id.]. Under the terms of the collective bargaining agreement with the International Union of Operating Engineers Local 4, BR Steel was required to contribute to the Plaintiffs' funds for each payroll hour, plus interest on any late payments.  [Id. ¶ 13].  Additionally, BR Steel had to

make payroll deductions for employees' union dues and contributions to a social action committee.  [Id. ¶ 14].

BR Steel did not make any contributions for work done under the collective bargaining agreement in September, October, or November 2018.  [Id. ¶ 15].  Under the terms of the agreement, the Plaintiffs are permitted to inspect the payroll and other records to determine whether BR Steel is making contributions.  [ECF No. 1-3 at 64].  Because BR Steel has not permitted an inspection, however, the Plaintiffs are unable to determine the amount owed.  [ECF No. 1 ¶ 15].

On February 19, 2019, the Court granted the preliminary injunction motion, finding that Plaintiffs had demonstrated "(1) their likelihood of success on the merits; (2) the potential for irreparable harm; (3) that a balancing of the relevant equities favors granting the motion; and (4) that the public interests favors granting an injunction." [ECF No. 12 at 3].  The Court ordered that BR Steel allow an audit of their books and records from September 1, 2017, to the present "to determine the amount, if any, Defendant owes the Plaintiffs." [Id.].

Plaintiffs served the order via publication.  [ECF No. 19].  They then served Defendant's registered agent via hand delivery on December 10, 2019.  [ECF No. 21-1].  The Plaintiffs now seek (1) a finding of contempt against BR steel; (2) a fine of $250 per day for each day that BR Steel fails to perform under the order; and (3) issuance of a capias to place BR Steel's owner, Steven Allard, in custody if he refuses to comply with the order.  [ECF No. 21 at 2].

On April 22, 2020, the Court ordered BR Steel to "show cause, in writing, by May 1, 2020 as to why the Court should not impose sanctions of $250 per day for ignoring the February 19, 2019 Order or to pay $250 per day beginning on May 1, 2020 for the continued violation."

[ECF No. 22].  BR Steel did not file a response and continues to be in violation of the Court's Order.

## II.     LEGAL STANDARD

For a Court to hold a party in civil contempt, "a complainant must prove civil contempt by clear and convincing evidence." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) (quoting Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991)).  The allegedly offending party must have violated an order that "is clear and unambiguous." Id.  The Plaintiffs must show "(1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order." Hawkins v. Dept. of Health & Human Servs., 665 F.3d 25, 31 (1st Cir. 2012) (internal quotations and citation omitted).  The law is "firmly established" in the first Circuit "that good faith is not a defense to civil contempt." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 76 (1st Cir. 2002) (citing Star Fin. Servs., Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 13 (1st Cir. 1996)).

BR Steel clearly had notice of the Court's February 19, 2019 Order, as it was served upon BR Steel by publication and also served on its agent via hand delivery on December 10, 2019. [ECF No. 19; ECF No. 21-1].  Further, BR Steel had the ability to comply with the Order, as it simply required that BR Steel allow the Plaintiffs to conduct an audit of its books and records. [ECF No. 12].  Therefore, the Court must determine only (1) whether the February 19, 2019 Order was clear and unambiguous and (2) whether BR Steel has violated the terms of the Order.

### III.     DISCUSSION

####     A.     The Court's Order Was Clear and Unambiguous

In considering whether its previous Order was clear and unambiguous, the Court must determine "whether the putative contemnor [wa]s able to ascertain from the four corners of the order precisely what acts" were ordered. Goya Foods, 290 F.3d 63 at 76 (internal quotation marks omitted) (quoting Gilday v. Dubois, 124 F.3d 277, 282 (1st Cir. 1997)).  The "'clear and unambiguous' standard applies to the *language* of the relevant court order, not to its effectiveness." Id.  "[A]ny ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." Project B.A.S.I.C., 947 F.2d at 16.  "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery." Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911); see also AngioDynamics, Inc. v. Biolitec AG, 946 F. Supp. 2d 205, 213 (D. Mass. 2013) (quoting Gompers and finding that the terms of the court's order were clear and unambiguous).

The February 19, 2019 Order was clear and unambiguous. [ECF No. 8].  It concluded that "Defendant BR Steel, LLC and its agents shall permit an audit of the Defendant's books and records from the period September 1, 2017 to the present to determine the amount, if any, Defendant owes the Plaintiffs." [ECF No. 12 at 3].  This is more than sufficiently clear to put BR Steel on notice of its obligation to permit an audit under the oOrder. See, e.g., AngioDynamics, 946 F. Supp. 2d at 212 (finding that the court's order "could not have been more clear and unambiguous" when it provided that "Defendants shall not carry out the proposed 'downstream' merger of Biolitec AG with its Austrian subsidiary.").

### B. There Is Clear and Convincing Evidence that BR Steel Has Violated the Court's Order

Despite being on notice of the Court's Order, BR Steel has failed to allow or facilitate the payroll audit ordered by the Court.  See, e.g., United States v. Puccio, 812 F. Supp. 2d 105, 108 (D. Mass. 2011) (finding that clear and convincing evidence supported finding that a taxpayer was in civil contempt of orders requiring him to comply with IRS summons when the taxpayer "failed to demonstrate diligent efforts to comply with the court's orders").  Although the Plaintiffs have not provided an affidavit or other sworn statement concerning BR Steel's failure to perform under the February 19, 2019 Order, the Court notes that BR Steel received notice of the Order in multiple forms and failed to allow the audit as evidenced by the fact that Plaintiffs filed the instant motion, which the Defendants failed to contradict.  See, e.g., American Health Inc. v. Chevere, 37 F. Supp. 3d 561, 563 (D.P.R. 2014) ("[T]he plaintiffs filed a motion requesting that this court find the Defendants in civil contempt for failing to return to AHI the information subject to the preliminary injunction in contravention of this court's orders.  Once again, the Defendants failed to timely oppose this request and . . . the court found [the defendant] to be in contempt of this court and liable in the amount of $500 per day of non-compliance upon the issuance of the order." (internal citations omitted)).  Further, the Court has given BR Steel ample opportunity to show cause as to why sanctions should not be imposed. [ECF No. 22].  BR Steel has failed to show cause or to communicate with the Court in any way.  Therefore, the Court finds that there is clear and convincing evidence that BR Steel has continued to violate the Order of this Court by failing to allow or facilitate the payroll audit per the Court's Order.

### C. The Court Has Discretion to Order that BR Steel Pay a Fine of $250 Per Day of Future Noncompliance

The Plaintiffs request that BR Steel be ordered to pay a fine of $250 per day that it continues to fail to comply with the Court's February 19, 2019 Order, which would be held in

escrow and applied to the amount that the Plaintiffs expect that they will be owed after the audit has been performed. [ECF No. 21 at 4–5]. "[T]he district court has 'a broad discretion to make whatever disposition is just in light of the facts of the particular case.'" Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted). "[S]o long as a sanction is reasonably proportionate to the offending conduct, the trial court's quantification of it ought not to be disturbed." Goya Foods, 344 F.3d at 20. "Civil contempt is a forward-looking penalty meant to coerce compliance rather than to punish past noncompliance." Hawkins, 666 F.3d at 32. The Court may also order a finding of contempt to compensate a party that has been harmed by the offender's noncompliance. Id. at 32 n.10.

The Plaintiffs' request for $250 per day for each day that BR Steel continues to fail to comply with the Court's February 19, 2019 Order is reasonable, especially because the Plaintiffs have agreed that the amount could be held in escrow and then applied to their anticipated judgment. See [ECF No. 21 at 5].[2]

### IV. CONCLUSION

Accordingly, Plaintiffs' motion, [ECF No. 20], is GRANTED. BR Steel is hereby found in contempt of the Court's February 19, 2019 Order for its failure to allow Plaintiffs to perform an audit of its payroll records and must pay a conditional fine of $250 dollars per day for each day that it continues to refuse to abide by the Court's Order, beginning on June 15, 2020.

**SO ORDERED.**

June 10, 2020                                              /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE

---

[2] Because the Court declines to hold a hearing on the instant motion, it likewise declines to issue a capias to place BR Steel's owner, Steven Allard, in custody following a hearing, as the Plaintiffs request. See [ECF No. 21 at 5].